**OTIS ELEVATOR COMPANY et al.,**
Appellants,

**v.**

Doris L. BOND, Appellee.

No. 16242.

Court of Civil Appeals of Texas.

Dallas.

Nov. 1, 1963.

Rehearing Denied Dec. 6, 1963.

Bailey & Williams; Strasburger, Price, Kelton, Miller & Martin and Hobert Price, Dallas, for appellants.

Bonney & Wade and Minor Morgan, Dallas, for appellee.

BATEMAN, Justice.

Appellee brought this suit for damages against Adolphus Tower Building, herein sometimes called "the Building", and Otis Elevator Company, herein sometimes called "Otis", alleging that while riding as a passenger in an automatic elevator in the Adolphus Tower Building, intending to descend to the lobby floor, the elevator descended very rapidly in what was described as a free fall causing her to be thrown to the floor of the elevator and injuring her foot and ankle. Appellee neither pled nor attempted to prove any specific act of negligence as against either defendant, relying wholly on the doctrine of *res ipsa loquitur*. The Building denied liability to appellee and sought judgment over against Otis by way of indemnity, alleging that Otis by written contract had obligated itself to maintain the elevators in a safe and proper condition, and that if there was any negligence involved it was solely that of Otis, which had manufactured and installed the elevator in question and thereafter exclusively maintained it.

The jury found that (1) after appellee entered the elevator, the elevator went into a free fall (2) throwing appellee to the floor and (3) injuring her; (4) that at the time and on the occasion in question the elevator in question was under the exclusive control of the Adolphus Tower Building, but (4–a) that the Building did not fail to use a high degree of care in the maintenance of the elevator mechanism; (5) that at the time and on the occasion in question the elevator in question was not under the exclusive control of Otis Elevator Company, but (7) that Otis failed to properly inspect, and (10) also failed to properly maintain the elevator, each such omission being negligence and a proximate cause of appellee's injuries; also (14) that the acts or omissions on the part of Otis were the sole proximate cause of appellee's injuries. The jury acquitted appellee of any contributory negligence and found her damages to be $31,254.

On motion of appellee the court disregarded the jury finding (4–a) that Adolphus Tower Building did not fail to use a high degree of care, as well as the jury finding (5) that the elevator was not under the exclusive control of Otis Elevator Company, and rendered judgment *non obstante veredicto* for appellee against both defendants jointly and severally for $31,254, and also rendered judgment in favor of the Building over against Otis for the same amount. ($3,330.46 of plaintiff's judgment was awarded to the intervenor, Traders & General Insurance Company, by way of subrogation for monies paid out by it to and for

the account of appellee under a workmen's compensation policy). The Building and Otis Elevator Company have appealed.

On the trial the appellee established by her testimony and that of another passenger in the elevator that almost immediately after appellee entered the elevator on the ninth floor it descended very rapidly in what they describe as a "free fall" and when it reached the fifth or sixth floor level it stopped suddenly and began to "bounce" up and down violently; that she pulled the emergency switch and the elevator came to a standstill between floors; that appellee was thrown to the floor of the elevator, resulting in painful injury to her ankle.

The elevator in which appellee was riding was one of five previously sold and installed by Otis in the Adolphus Tower Building, an office building in the City of Dallas.

J. L. Bostick testified that he was employed by Adolphus Tower Building as "elevator starter" and on the occasion in question was sitting in the lobby and could tell from an instrument board in the lobby where each of the elevators was at any given time; that the No. 3 car in which appellee was riding left the lobby and went to the twenty-sixth floor, then it got a call to the twenty-fifth floor, where it stopped; then it stopped on the ninth floor and after that a signal came on the sixth floor, but the car didn't stop on the sixth floor; there was a crashing sound, a noise which came from the No. 3 car between the fifth and sixth floors; and about the time he heard the crash sound the emergency signal came on, which is something like a burglar alarm, after which he went to a speaker which was connected to the car in question and over which he carried on a conversation with the other passenger, a Mrs. Johnson. In the meantime, word was sent to Otis Elevator Company, who sent a Mr. Anderson over and three or four minutes after his arrival appellee was released from the elevator car. However, it was 58 minutes from the time of the accident until appellee was out of the car. Bostick's testimony showed further that he was instructed by his employer always to call Otis Elevator Company whenever anything went wrong with any of the elevators, that this was always done and that none of the employees of the building ever worked on the elevators when they needed repairs. Otis Elevator Company had its employees in the building every day, sometimes for two or three hours at a time, checking over, maintaining and cleaning the elevator equipment.

## The Appeal of Adolphus Tower Building

The points of error asserted by this appellant may be summarized as follows: the court erred (1) in refusing to hold as a matter of law that appellant was entitled to judgment; (2) in refusing to render judgment for appellant in view of the jury finding exonerating it of any negligence; (3) in not holding as a matter of law that Otis had exclusive control of the elevator since it had by contract assumed 100% responsibility for the inspection, repair and maintenance of the elevator; (4) in refusing to hold that the jury finding that the Building had exclusive control of the elevator was so contrary to the preponderance of the evidence as to require it to be set aside; (5) in refusing to hold that the jury finding that the elevator was not under the exclusive control of Otis was contrary to the undisputed evidence; (6) in refusing to set aside the finding that the elevator was not under the exclusive control of Otis as being so contrary to the overwhelming preponderance of the evidence as to be clearly wrong; (7) in rendering judgment against the Building in view of the finding that the negligence of Otis was the sole proximate cause of appellee's injuries; (8) in rendering judgment against the Building because as a matter of law appellee "failed to prove any cause of action against said defendants"; and (9) the verdict was excessive. As the first eight points are briefed together, we shall discuss them together.

The first point of error is too general to be of any help to us. Nevertheless, we shall consider it along with the second.

■ The second point, complaining of the adverse judgment in view of the fact that the jury exonerated appellant of any negligence, completely ignores the fact that on motion the court disregarded this finding. Nowhere in the Building's brief do we find any point of error which even mentions, much less challenges, the court's said action, nor any statement to indicate dissatisfaction therewith. Neither is the action complained of in an assignment of error in the Building's motion for new trial. Accordingly, and since counsel for neither appellant has directed our attention to any evidence, lack of evidence, reason or authority to demonstrate any error in this action of the court, we are compelled to overrule the first two points.

■ The third, fifth, sixth and seventh points, all being to the effect that the judgment against the Building was erroneous and should have been only against Otis Elevator Company, we hold to be without merit and are overruled. The Building's duty, which it owed to all who would reasonably be expected to use the elevators, to maintain the elevators in reasonably safe condition cannot be delegated to an independent contractor so as to relieve the Building of responsibility. Restatement of the Law of Torts, Sec. 425, p. 1145; 15-B Tex.Jur. 711–712, "ELEVATORS", Sec. 10; 21 Tex.Jur.2d 550, "ELEVATORS AND ESCALATORS", Sec. 9; Otis Elevator Co. v. Cameron, Tex.Civ.App., 205 S.W. 852, err. ref.

■ The fourth point, complaining of the jury finding that the Building had exclusive control of the elevator, as being so contrary to the preponderance of the evidence as to require it to be set aside, is without merit and is overruled. There was ample testimony to support this finding.

The Building's eighth point of error, that the judgment against it was erroneous because appellee "failed to prove any cause of action against said defendants," while in extremely general form, is probably designed to question the applicability of the *res ipsa loquitur* doctrine.

■ As stated, no evidence of negligence was offered, appellee relying altogether on the doctrine of *res ipsa loquitur*. As said by our Supreme Court in Honea v. Coca Cola Bottling Company, 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445, "*Res ipsa loquitur* is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would not have occurred, and (2) the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer. Washington v. [Missouri,] M., K. & T. Ry. Co., 90 Tex. 314, 38 S.W. 764; Texas & P. Coal Co. v. Kowsikowski, 103 Tex. 173, 125 S.W. 3; Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659."

■ The rule means that the facts of the occurrence warrant, but do not necessarily compel, the inference of negligence; that such facts make a case for the jury to decide, not that they require a certain verdict. Gandy v. Southwestern Bell Telephone Co., Tex.Civ.App., 341 S.W.2d 554, 555, 85 A.L.R.2d 833, and cases cited therein.

■ It is merely a rule of evidence, not a rule of liability. Its effect is not to shift the burden of proof, but only the burden of going forward with the evidence. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659.

■ The jury having found on competent evidence that the elevator was under the Building's exclusive control, it only remains for us to determine whether "the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would have occurred." Appellee proved

that the elevator fell in a very unusual manner and came to a very abrupt stop and "bounced" up and down several times before coming completely to rest, and that this was accompanied by unusual noise. Neither defendant offered any testimony to explain this unusual occurrence. It will be readily seen that these facts are almost identical with those in Mattox v. C. R. Anthony Co., Tex.Civ.App., 326 S.W.2d 740, err. ref. n. r. e., except that in that case the plaintiff was injured while riding an escalator in a department store, a distinction without a difference. We agree with the Beaumont Court of Civil Appeals which said in that case: "These facts create a *prima facie* case of negligence requiring appellee to show circumstances that would exonerate it from blame in that connection." The eighth point is also overruled.

■ The Building's ninth point complains that the verdict was excessive. In view of our reversal and remand of the case for another trial, we deem it unnecessary, if not improper, to express our opinion on this matter.

■ In spite of our inability to sustain any of the points of error presented in the brief filed on behalf of the Building, we must reverse the judgment against it because of fundamental error in the record before us. The court having in effect set aside the jury finding that the Building did not fail to exercise a high degree of care, the verdict contains no finding of negligence on the part of the Building. Such a finding is an essential element, and a verdict in a negligence case which omits a finding of negligence is incomplete and insufficient to form the basis of a judgment for the plaintiff. Rule 301, Vernon's Texas Rules of Civil Procedure; Orkin Exterminating Co. v. Gulf Coast Rice Mills, Tex. Civ.App., 362 S.W.2d 159; Moore v. Moore, 67 Tex. 293, 3 S.W. 284; International-Great Northern R. Co. v. Casey (Tex.Com. App.) 46 S.W.2d 669. This clearly appears as fundamental error on the face of the transcript and without our having to examine the statement of facts. 3 Tex.Jur. 827, § 584; Hamm v. Hamm, Tex.Civ.App., 159 S.W.2d 183, no wr. hist.; Kent v. National Supply Co. of Texas, Tex.Civ.App., 36 S.W.2d 811, err. ref.

■ Enjoined as we are by Rule 434, Vernon's Texas R.C.P., to render such judgment as the court below should have rendered, we must remand for another trial. Having decided to disregard the jury's answer to the only issue submitted on negligence of the Building, the court below should have granted a new trial. He had no authority to substitute his own finding in that respect for that of the jury.

Accordingly, we reverse that part of the judgment which is in favor of appellee and against Adolphus Tower Building and remand it for another trial.

### Appeal of Otis Elevator Company

Appealing from both the judgment in favor of appellee and the judgment over against it in favor of the Building, Otis presents forty-nine points of error.

■ The first four points assert that it was entitled to judgment in its favor because, the case having been pitched wholly on the *res ipsa loquitur* doctrine, and the jury having found that Otis was not in exclusive control of the elevator in question, which finding was supported by evidence, Otis was entitled to judgment that appellee take nothing as a matter of law. We feel that these four points are well taken and sustain them.

■ In its fifth point of error Otis asserts, without argument, that the court erred in disregarding the jury finding that the Building did not fail to exercise a high degree of care, there being competent and sufficient evidence to support this finding. However, Otis in its brief does not direct our attention to any such evidence, and it is not our duty to search through the voluminous statement of facts to find such evidence. The point is overruled. Saldana

v. Garcia, 155 Tex. 242, 285 S.W.2d 197; Rule 418, Vernon's Texas R.C.P.

■ In its sixth, seventh and twenty-third points, Otis asserts that its motion for instructed verdict should have been sustained because there was neither pleading nor proof to establish even *prima facie* that Otis had failed to exercise ordinary care or that it had failed to inspect or maintain the elevator in question. So far as pleadings are concerned, the plaintiff pled negligence generally and relied wholly on the *res ipsa* doctrine. If that doctrine was applicable, it was not necessary for plaintiff to plead or prove specific acts of negligence. Therefore these points are overruled.

■ In its eighth, ninth, tenth and eleventh points, Otis says that the trial court erred in applying the *res ipsa* doctrine, first, because of the lack of competent evidence to support the conclusion that but for negligence on the part of Otis the accident would not have occurred, and, second, because of the lack of competent evidence that the elevator was under the exclusive control of Otis. Without detailing the evidence on the point, we hold that there was no error in this respect and that the court properly submitted the issue as to whether Otis had exclusive control over the elevator at the time in question. These four points are overruled.

■ In answer to Special Issues 7, 8 and 9, the jury found that Otis failed to properly inspect the elevator in question, which was negligence and a proximate cause of the plaintiff's injuries. In answer to Special Issues Nos. 10, 11 and 12, the jury found that Otis failed to properly maintain the elevator in question, which was negligence and a proximate cause. In answer to Special Issue No. 14 the jury found that the acts or omissions on the part of Otis were the sole proximate cause of the plaintiff's injuries. In all of the remaining points of error presented by Otis (with the exception of the 45th, 46th, 47th, 48th and 49th), Otis complains of the submission of these seven special issues, and of the rendition of judgment against it based upon the jury's findings in response thereto, because of no evidence, no competent evidence and insufficient evidence to support the same, and because there were no pleadings by either the plaintiff or the Building to support such issues. We consider all of these points to be well taken and they are sustained. Neither appellee nor the Building pled any specific act of negligence on the part of Otis, and no evidence was offered to prove any such specific acts of negligence.

■ By its forty-fifth point of error, Otis says it was error for the court to render judgment that the Building have indemnity over against Otis because there is no provision in the contract between them which would authorize such indemnity. The contract obligates Otis to maintain the elevators in reasonably good condition, and if it could be shown on a full development of the facts that Otis breached this contract, it could be held liable by way of indemnity to the Building. This point is overruled.

In its forty-sixth and forty-seventh points of error, Otis says it was error for the court to overrule its motion for new trial and its motion for instructed verdict and in rendering judgment in favor of appellee against it because it appears as a matter of law that Otis owed no duty to the plaintiff which would give rise to the cause of action so asserted by her. For the reasons hereinbefore stated, these points are also overruled.

■ By its forty-eighth point Otis says that it was error to render judgment against the Building and in favor of the Building against Otis because of the lack of evidence to establish ownership of the premises or elevator or the management of the premises or elevator. Without detailing the evidence, we find that this point is without merit and it is overruled.

Its forty-ninth and last point of error is that the award of $31,254 to appellee was excessive. As stated in connection with our opinion on the appeal herein of the Adolphus Tower Building, since the case is being remanded for another trial, we shall not discuss or pass upon this point.

It will be seen from the above that Otis is unquestionably entitled to have the judgment against it in favor of the appellee and Adolphus Tower Building reversed. Feeling, however, under all the facts and circumstances of this case, and the manner in which it was presented in the trial court and in this court, that justice would be better served if the entire case were remanded and the parties given an opportunity to develop the facts of the case more fully, we do so. Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593; London Terrace v. McAlister, 142 Tex. 608, 180 S.W.2d 619.

Reversed and remanded.