NUMBER 13-99-292-CV 



COURT OF APPEALS 

THIRTEENTH DISTRICT OF TEXAS 

CORPUS CHRISTI 

___________________________________________________________________ 



MARTIN DE LA GARZA, Appellant, 



v. 



JAMES C. THOMAS, INC., D/B/A 

JAMES THOMAS EXXON, Appellee. 

___________________________________________________________________ 



On appeal from the County Court at Law No. 3 

of Nueces County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Justices Hinojosa, Yañez, and Kennedy 

Opinion by Justice Kennedy(1)






Appellant was an employee of appellee at a service station. While
attempting to air a customer's automobile tire, appellant was struck on the knee by a part
of the air hose known as the "chuck" which blew off the end of the air hose.
Appellant was treated at the scene with an ice pack and, later, was sent to a physician by
appellee. The physician treated appellee and eventually performed surgery on his knee.
Appellant returned to work, however, some three months later he was fired for failing to
report to work. 

Appellee is a nonsubscriber to the Texas Workers Compensation Fund.
Appellant sued alleging common law negligence. The trial court granted summary judgment to
appellee, resulting in this appeal. 

The standards for reviewing a motion for summary judgment are well
established. The movant has the burden of showing that there is no genuine material fact
issue and that it is entitled to judgment as a matter of law. Ryland Group Inc. v.
Hood, 924 S.W.2d 120, 121 (Tex. 1996). In addition, the Supreme Court has said: 

The standards for reviewing a motion for summary judgment are well
established. As mandated by this court they are: 



The Movant for summary judgment has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a matter of law. 

In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as true. 

Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor. 



Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-9 (Tex. 



1985). 



The trial court found that there was no evidence that appellee had
actual or constructive knowledge of a dangerous condition on the premises, no evidence
that the condition posed an unreasonable risk of harm, no evidence that appellee failed to
exercise reasonable care to reduce or eliminate the risk of harm, and no evidence that the
failure of appellee to use reasonable care proximately caused appellant's injuries. The
court also found there was no evidence that appellee owed a duty to appellant, no evidence
that appellee breached that duty, and no evidence that any breach of duty proximately
caused appellant's injuries. 

Although not stated as a numbered issue in this appeal, appellant argues
that the doctrine of res ipsa loquitur is controlling in this case. Appellant did
not plead this doctrine in his original pleadings. The trial court, in pre-trial, imposed
a filing deadline for amended pleadings. The day after the deadline expired appellee filed
its motion for summary judgment. Shortly thereafter, appellant filed a response to the
motion alleging that res ipsa loquitur applies so as to defeat the summary
judgment. In its reply to this response, appellee alleged that appellant's assertion of res
ipsa loquitur was untimely filed and should be stricken. The trial court granted full
judgment for appellee on its summary judgment motion. 

This court has held "although appellee did not specifically plead a
cause of action for negligence 'based on a term res ipsa loquitur,' he did make a
general allegation of negligence along with allegations of specific acts of negligence. In
such a state of the pleadings, it was not necessary for appellee to specifically plead res
ipsa loquitur." Farm Services, Inc. v. Gonzales, 756 S.W.2d 747, 751
(Tex. App. - Corpus Christi 1988, writ denied), citing Mobile Chemical Co. v. Bell,
517 S.W.2d 245, 254 (Tex 1974); Conaway v. Roberts, 725 S.W.2d 377, 378 (Tex.
App. - Corpus Christi 1987, writ denied). 

The next issue is whether res ipsa loquitur applies to the case
at hand and whether it affects the summary judgment. Res ipsa loquitur is the
established rule that where the thing which caused the injury complained of is under the
management of the defendant and the accident is such as in the ordinary course of things
does not happen if those who have its management or control use proper care, it affords
reasonable evidence that the accident arose from lack of care, in the absence of
explanation by the defendant. 65A C. J. S. 512 (1997). Thus there is a presumption that
the party charged with the management and control of the object is guilty of negligence. Id.
at 515. 

Birmingham v. Gulf Oil Corp, 516 S.W.2d 914 (Tex. 1974) is a
case where the bolts holding a crane to an offshore drilling rig gave way, causing the
crane to fall into the Gulf of Mexico and kill the crane operator. The trial court
instructed a verdict for Gulf and other defendants which was affirmed by this Court. Birmingham
v. Gulf Oil Corp., 494 S.W.2d 946 (Tex. Civ. App.--Corpus Christi, 1973). 

The Supreme Court reversed both the trial court and this court, saying: 

cranes weighing 7 tons do not usually tear loose from their bases
without someone being at fault. Since Gulf was in control of the bolts which collapsed, it
is inferrable that the failure would not have occurred without the negligence of Gulf. The
jury was entitled to find that Gulf was probably negligent and that negligence probably
caused the collapse. On the other hand the jury might not so find. 



Birmingham, 516 S.W.2d at 917. 



The court also held: 



the crane operator did not relieve the crane's owner of responsibility
for safety of the bolts which held the crane upon its mount simply by his operation of the
crane. The passenger in an elevator or the one at its controls does not become responsible
for the mechanism of the elevator. 



Id. at 918, Citing Bond v. Otis Elevator Company, 388
S.W.2d 681 (Tex. 1965) 

and further: 

the control that is required for the application of the res ipsa rule
is not necessarily control exercised at the time of the injury, but it may be control
exercised at the time of the negligent act which subsequently leads to the injury. 



Id. at 918. 

We hold that summary judgment was not proper under all the facts of this
case. We REVERSE and REMAND for further proceedings consistent herewith. 

Noah Kennedy 

Justice 





Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this the 13th day of April, 2000. 

1. Retired Justice Noah Kennedy assigned to this
Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
74.003 (Vernon 1998).