# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00819-CV

**Judy Weirich, Appellant**

**v.**

**IESI Corporation and Southside Wrecker, Inc., Appellees**

FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT
NO. CV07387, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Judy Weirich appeals the trial court's orders granting summary judgment in favor of IESI Corporation and Southside Wrecker, Inc. Following an automobile accident, Weirich sued IESI and Southside alleging negligence and gross negligence, and IESI and Southside filed no-evidence motions for summary judgment. In three issues, Weirich challenges the finality of the judgment, the trial court's exclusion of evidence, and the trial court's grant of summary judgment. We affirm the judgment of the trial court.

## BACKGROUND

On August 2, 2012, Weirich filed suit against IESI and Southside alleging that in January 2012, while she was traveling on Texas Highway 290 through Johnson City, her vehicle was struck by a wheel that had detached from an IESI garbage truck being towed by Southside. She sought damages for personal injuries and damage to her vehicle. Weirich's petition stated that she

intended to conduct discovery under Level 2 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 190.3 (providing parameters for discovery for Level 2, including discovery period of nine months after earlier of date of first oral deposition or due date of first response to written discovery). Subsequently, IESI and Southside propounded written discovery to Weirich and deposed her. Weirich did not send any discovery requests to IESI or Southside or take any depositions. On August 21, 2014, Southside filed a no-evidence motion for summary judgment. IESI filed a no-evidence motion for summary judgment the next day. On October 17, 2014, Weirich filed her fourth amended petition, stating for the first time that she intended to conduct discovery under Level 3. *See id.* R. 190.4 (providing for discovery control plan by order for Level 3 discovery). She also added the following sentence: "In the alternative, Defendants are liable under the legal principles of negligence per se and res ipsa loquitur."

On the same day she filed her fourth amended petition, Weirich filed a response to IESI's and Southside's no-evidence motions for summary judgment. She alleged that there had not been adequate time for discovery and sought a docket control order. As summary judgment evidence, Weirich attached her own affidavit concerning the accident and that of her attorney concerning an alleged agreement among the parties to enter into a docket control order. Southside filed a reply to Weirich's response to the summary judgment motions, including arguments that, in asserting negligence per se and res ipsa loquitur, Weirich had not asserted any new causes of action. Both Southside and IESI filed objections to Weirich's affidavit testimony and sought to have the

2

majority of it stricken.[1] After a hearing on the motions for summary judgment and the objections to Weirich's summary judgment evidence, the trial court sustained the objections, struck Weirich's affidavit, and in separate orders granted the no-evidence motions for summary judgment of IESI and Southside, severing each order from the remaining case.[2] This appeal followed.

## DISCUSSION

**Finality of Judgment**

In her first issue, Weirich argues that this court lacks subject matter jurisdiction over this appeal because IESI's and Southside's motions for summary judgment did not address the theories of recovery of negligence per se and res ipsa loquitur asserted in her fourth amended petition and therefore the orders did not dispose of all claims and are not final judgments.[3] "[W]ith a few mostly statutory exceptions [not applicable here,] an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When there has been no traditional trial on the merits, there is no presumption of finality of a judgment. *Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009) (per curiam). Rather, "when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes

---

[1] Southside also objected to the affidavit testimony of Weirich's counsel concerning the alleged agreement to enter a docket control order, and the trial court struck his affidavit. Weirich does not challenge that ruling on appeal.

[2] In its order granting IESI's objections to Weirich's affidavit, the trial court struck the objected-to portions of the affidavit; in its order granting Southside's objections, it ordered her entire affidavit stricken. The only parts stricken by the order on Southside's objections that were not stricken in the order on IESI's objections were nonsubstantive paragraphs 1 and 6, set forth below.

[3] Although Weirich questions this Court's "standing," we construe this argument as asserting that we lack subject matter jurisdiction.

of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. The order or judgment must contain specific language denying or granting relief on all claims or unequivocally state that it is intended to be final and appealable. *See Crites*, 284 S.W.3d at 841. "A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention." *Lehmann*, 39 S.W.3d at 206; *see Childers v. Advanced Found. Repair, L.P.*, 193 S.W.3d 897, 898 (Tex. 2006) (per curiam) (finding judgment's language that "judgment is final, disposes of all parties and all claims in this case, is appealable, and disposes of this case in its entirety" to be "all-encompassing" and "unequivocal"). Here, both orders contain express language stating that they were "final for all purposes," "disposed of all claims . . . and all parties" and were "appealable final judgment[s]." Thus, the orders are final and appealable. *See Lehmann*, 39 S.W.3d at 206.

Weirich contends that the orders are not final because the motions before the trial court did not address her "additional theories of recovery" of negligence per se and res ipsa loquitur. We do not find that argument persuasive. Neither negligence per se nor res ipsa loquitur is an independent cause of action. *Sherman v. HealthSouth Specialty Hosp., Inc.*, 397 S.W.3d 869, 875 (Tex. App.—Dallas 2013, pet. denied) (discussing doctrine of res ipsa loquitur); *Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (discussing negligence per se). "Rather, negligence *per se* is merely one *method* of proving a breach of duty, a requisite element of any negligence cause of action," *Thomas*, 290 S.W.3d at 445, and res ipsa loquitur is simply a "rule of evidence by which the jury may infer negligence," *Sherman*, 397 S.W.3d at 875.

4

Thus, Weirich's fourth amended petition did not assert any new causes of action beyond her initial claims for negligence and gross negligence. Further, in its reply, Southside argued that Weirich's assertion of negligence per se and res ipsa loquitur did not constitute an allegation of any new causes of action, and these issues were fully considered by the trial court at the hearing on the motions. We overrule Weirich's first issue.

**Exclusion of Evidence**

In her second issue, Weirich argues that the trial court erred in striking her affidavit from the summary judgment evidence. As summary judgment evidence, Weirich offered her affidavit in which she stated:

1. My name is JUDY WEIRICH. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. On or about January 9, 2012, I was in my automobile in Johnson City, Texas. As I approached 290 and Main Street around the traffic light, my automobile was struck by a large garbage truck wheel and tire which totaled my Mazda car and caused personal injuries. The garbage truck was owned by Defendant IESI and was being towed by Defendant Southside Wrecker. Despite what Defendants seem to claim in their No Evidence Motions for Summary Judgments, the entire wheel came off of the IESI wrecker [sic] which was being towed by Southside. Despite what Defendants seem to claim and represent to this Court, it was in fact the impact of the wheel and tire that caused the damage to my Mazda and to my person. To date, no one who investigated the accident, including the Johnson City Police Department, has indicated that the cause of the wheel coming off was anything other than IESI failing to maintain its garbage truck and Southside failing to ensure that it safely transported the garbage truck.

3. Had IESI properly maintained and inspected its garbage truck to ensure that all of its wheels were adequately attached, the accident would not have occurred. Had Southside Wrecker property [sic] inspected the IESI truck prior to towing it to ensure that it was safe to tow on the highway, the accident would not have happened. But for the accident occurring and the wheel violently striking the Mazda that I was driving that day, the injuries that I suffered and that my Mazda suffered would not have occurred.

4. I am a reasonable person of reasonable intelligence. I am 61 years old. I have driven and maintained automobiles since I became licensed to drive at the age of 16 years. While the Defendants apparently do not realize or know, or at least claim to this Court that they do not realize or know, there is an extreme degree of risk in failing to provide the minimum maintenance to ensure that the wheels on an automobile are properly attached to the automobile as it travels on the Texas roads and Texas highways. There also involves an extreme degree of risk in failing to take the minimum steps to ensure that a vehicle you tow is safe to tow on the roads and highways. Minimally, one who tows a vehicle should make sure that the wheels are properly attached. This extreme degree of risk is exacerbated when the motor vehicle is a large trash truck as the ones we generally see picking up trash from residences.

5. IESI, as a trash disposal company, and Southside Wrecker as a towing company indeed have actual and subjective awareness of the extreme risk involved as discussed above but proceeded with conscious indifference to the rights, welfare, and safety of others, including but not limited to me.

6. This affidavit shall in no manner be construed as a waiver of rights as I expressly reserve all rights concerning this manner. This affidavit shall in no manner be construed in Court as an exclusive list of my complaints of the Defendant's [sic] conduct or the extent of my injuries and damages suffered in this matter. This affidavit is being prepared in response to Defendants' No-Evidence Motion for Summary Judgments.

IESI and Southside objected to the last sentence of paragraph 2 concerning the police investigation and to paragraphs 3 through 5 in their entirety. The trial court sustained the objections. On appeal, Weirich argues that she had personal knowledge of the facts at issue and was competent to testify.

We review a trial court's exclusion of evidence for an abuse of discretion. *Caffe Ribs, Inc. v. State*, 487 S.W.3d 137, 142 (Tex. 2016). Affidavits opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex. R. Civ. P. 166a(f). IESI and Southside argue that Weirich lacked personal knowledge of the investigation of the accident and the conclusions of the Johnson City Police Department and

6

that her statement in paragraph 2 that no one has indicated that the cause of the accident was anything other than their negligence is hearsay and irrelevant. *See id.*; Tex. R. Evid. 401 (setting out test for relevant evidence), 602 (providing that witness may testify to matter only if there is evidence she has personal knowledge), 801(d) (defining hearsay), 802 (providing that hearsay is inadmissable). We agree. Weirich did not attach a certified or otherwise authenticated copy of the report of the Johnson City Police Department or of any other investigating office. *See* Tex. R. Evid. 901 (providing for authentication of evidence), 902(4) (providing for self-authentication of official records by certified copy). Rather, she purported to testify as to the conclusions of the police and the content of the report without offering any evidence that she had personal knowledge of such matters. Moreover, the statement that no investigator had indicated that anything other than IESI's and Southside's negligence caused the wheel to detach is not evidence that the investigators actually concluded their negligence did cause the wheel to detach.

IESI and Southside also argue that the remainder of Weirich's affidavit contained speculative and conclusory opinions that Weirich is not qualified to offer. Again, we agree. To the extent Weirich claimed to be an expert qualified to offer opinions as to the cause of the accident and the degree of risk involved in maintaining and towing vehicles, she offered no evidence of her qualifications in such matters.[4] *See id.* R. 702 (providing that expert witness must be qualified by knowledge, skill, expertise, training, or education to offer opinion testimony). Moreover, her lay opinions as to causation and the degree of risk involved were factually unsubstantiated and were

---

[4] Rather, she stated only that she is "a reasonable person of reasonable intelligence" and has "driven and maintained automobiles since she became licensed to drive at the age of 16 years."

nothing more than speculation as to what might have happened and what IESI and Southside might have known, couched in conclusory statements. *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 231–32 (Tex. 2004) (stating that conclusory testimony offers nothing more than "bare conclusion" that is "factually unsubstantiated" and that "[o]pinion testimony that is conclusory or speculative is not relevant evidence, because it does not tend to make the existence of a material fact 'more or less probable'" (quoting Tex. R. Evid. 401(a))). We conclude that the trial court did not abuse its discretion in striking Weirich's affidavit. *See Caffe Ribs*, 487 S.W.3d at 142. We overrule Weirich's second issue.

**Grant of No-Evidence Summary Judgment Motions**

In her third issue, Weirich argues that the trial court erred in granting the no-evidence motions for summary judgment of IESI and Southside as to her negligence and gross negligence claims.[5] To prevail on her negligence claims, Weirich must establish the existence of a duty on the part of IESI and Southside, the breach of that duty, and damages proximately caused by the breach. *See Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). IESI and Southside challenged the second and third elements, arguing that there was no evidence of breach and therefore no evidence that any such breach proximately caused Weirich's damages.[6] Assuming without deciding that IESI and Southside owed Weirich a duty of care, we conclude that Weirich has failed to produce

---

[5] The standard of review of a no-evidence summary judgment is well known, and we will not recite it here. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

[6] IESI also challenged the first element, the existence of a duty.

any evidence that they breached that duty. Weirich argues that IESI's "obvious failure to maintain its vehicle" and Southside's "failure to ensure that the vehicle it was towing was in safe operating condition" constituted breaches of their duty to ensure their driven or towed vehicles were in safe working order. However, Weirich offered no evidence that IESI failed to maintain its vehicle or that Southside failed to ensure the vehicle was in safe operating condition when it towed it. Nor did she offer any evidence as to how or why the wheel became detached. The only summary judgment evidence she purported to offer was her own affidavit, which we have already determined was properly stricken by the trial court.[7]

Apparently relying on her theory of recovery pursuant to res ipsa loquitur, Weirich contends that IESI and Southside offer no excuse for the wheel's coming off and that the only reasonable explanation for its occurring is IESI's negligence in failing to maintain the vehicle and Southside's negligence in failing to ensure its safety for towing. Res ipsa loquitur allows circumstantial evidence in lieu of direct evidence to support a finding of negligence, but only when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence, and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *See Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990). However, "[t]he doctrine of res ipsa loquitur is not available to fix responsibility when any one of multiple defendants, wholly independent of each other, might have been responsible for the injury." *Mathis v. RKL Design/Build*, 189 S.W.3d 839, 846 (Tex. App.—Houston [1st Dist.]

---

[7] As noted above, Weirich also offered an affidavit by her attorney concerning an alleged agreement to enter into a docket control order, but it included no testimony as to the merits of the negligence claims.

2006, no pet.) (citing *Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193, 195 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)).  Rather, the doctrine can be used against multiple defendants when they had joint control of the instrumentality causing the injury.  *Bond v. Otis Elevator Co.*, 388 S.W.2d 681, 685 (Tex. 1965) (observing that as general rule, res ipsa loquitur is applied to multiple defendants who have joint control); *Mathis*, 189 S.W.3d at 846.

Here, IESI and Southside did not have joint control of the IESI truck; IESI had initial control and relinquished control to Southside for towing.  Because either IESI or Southside could have been separately negligent in performing its own duty, the doctrine of res ipsa loquitur does not apply.  *See Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 574 (Tex. 1982) (holding that where there were two possible defendants, either of which could have been separately negligent in performing its own duty, doctrine of res ipsa loquitur was not applicable); *Bond*, 388 S.W.2d at 685; *Mathis*, 189 S.W.3d at 846.  We conclude that Weirich did not raise a fact issue as to IESI's and Southside's breach of duty and failed to meet her burden of proof in opposing the no-evidence motions for summary judgment as to her negligence claim.[8]  *See* Tex. R. Civ. P. 166a(i); *Merriman v. XTO Energy*, Inc., 407 S.W.3d 244, 248 (Tex. 2013) (stating that in response to no-evidence motion for summary judgment, nonmovant has burden to produce summary judgment evidence raising genuine issue of material fact as to each challenged element of cause of action and holding that nonmovant's largely conclusory affidavit was insufficient to raise fact issue); *Urena*, 162 S.W.3d at 550.

_____

[8] Because our resolution of the element of breach is dispositive, we need not address the third element—that the breach proximately caused Weirich's damages.  *See* Tex. R. App. P. 47.1.

10

In their no-evidence motions for summary judgment, IESI and Southside also challenged Weirich's allegations of gross negligence. Gross negligence requires a showing that (1) viewed objectively from the actor's standpoint, the act or omission complained of involves an extreme degree of risk, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceeds in conscious indifference to the rights, safety, or welfare of others. Tex. Civ. Prac. & Rem. Code § 41.001(11)(A), (B); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (per curiam). We have already concluded that the trial court properly struck paragraphs 4 and 5 of Weirich's affidavit in which she stated her unsubstantiated lay opinion as to the gross negligence of IESI and Southside, and Weirich presented no other evidence of the degree of risk or of IESI's and Southside's awareness of any risk. Moreover, because Weirich produced no evidence of negligence, there is no basis for a finding of gross negligence. *See Allen v. Scott*, No. 07-06-00075-CV, 2008 Tex. App. LEXIS 572, at *3–4 (Tex. App.—Amarillo Jan. 25, 2008, pet. denied) (mem. op.) (upholding trial court's finding that there was no evidence of gross negligence given absence of finding of negligence). We conclude that Weirich failed to raise a fact issue as to gross negligence. *See* Tex. R. Civ. P. 166a(i); *Merriman*, 407 S.W.3d at 248.

Rule 1666a(i) provides that a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense of an adverse party "[a]fter adequate time for discovery." Tex. R. Civ. P. 166a(i). "Whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific." *Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). We examine such factors as: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence

motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already completed; and (7) whether the discovery deadlines in place were specific or vague. *Id.*; *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We review a trial court's determination of whether an adequate time for discovery has passed under an abuse of discretion standard. *Madison*, 241 S.W.3d at 155.

This suit for personal injuries and property damage resulting from an automobile accident does not involve complex issues or evidence. The trial court heard the no-evidence motions for summary judgment more than two years after Weirich filed suit, more than one year after the end of the Level 2 discovery period, and more than two months after the filing of the motions. Since the inception of the suit, Weirich had filed three amended petitions specifying Level 2 discovery—to which IESI and Southside adhered—and had conducted no discovery whatsoever. On these facts, we cannot conclude that the trial court abused its discretion in determining that there had been adequate time for discovery and granting IESI's and Southside's no-evidence motions for summary judgment. *See id.* We overrule Weirich's third issue.

## CONCLUSION

Having overruled Weirich's issues, we affirm the judgment of the trial court.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Affirmed

Filed:   August 31, 2016