Roberts 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-639-CV





THE STATE OF TEXAS,



 APPELLANT


vs.





JOHN H. ROBERTS; MAXINE ROBERTS;


JOHN ROBERTS AUSTIN, INC., D/B/A JOHN ROBERTS' BMW OF AUSTIN,


D/B/A JOHN ROBERTS' SUBARU, D/B/A LEXUS OF AUSTIN,



 APPELLEES



 




FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY



NO. 2124, HONORABLE GUY HERMAN, JUDGE PRESIDING



 




 The Texas Department of Transportation ("the State") appeals from a summary
judgment rendered by the trial court in a condemnation proceeding. The trial court awarded the
condemnees, John H. Roberts, Maxine Roberts, and John Roberts Austin, Inc., d/b/a John
Roberts' BMW of Austin, d/b/a John Roberts' Subaru, d/b/a Lexus of Austin (collectively "the
Robertses"), $1,385,000 plus costs and post-judgment interest. We will reverse the summary
judgment and remand the cause for a trial on the merits.



BACKGROUND


 On January 7, 1993, the State filed its original petition for condemnation of the
Robertses' property along U.S. Interstate Highway 35. Tex. Prop. Code Ann. § 21.012 (West
1984) (condemning entity may bring condemnation proceeding in appropriate court if unable to
agree with owner as to amount of damages). The only issue presented was the amount of
compensation the Robertses were to receive. A special commissioners court awarded the
Robertses one million dollars at a hearing on June 2, 1993. The State objected to the award as
excessive and demanded a jury trial. 

 On July 6, 1993, the Robertses sent their first set of interrogatories and requests
for production to the State. The Robertses asked for the identity, opinions, and reports of experts
the State planned to call at trial regarding the market value of the property. In its August 5
response to the Robertses' discovery requests, the State listed seven potential testifying experts,
including Harry Seidman, but did not produce any opinions or reports. It promised to supplement
its response when the reports were complete. The State objected to discovery regarding the
opinions and appraisal report of Byron Hinton, stating that he was a consulting-only expert and
his opinion as to the market value of the property was privileged.

 Pursuant to an oral agreement on August 6, the State forwarded Hinton's appraisal
report to the Robertses, but continued to maintain that Hinton would not testify at trial. The
State's supplemental discovery responses filed August 23 again failed to provide the opinions and
reports of any expert designated to testify at trial regarding the market value of the property. The
Robertses moved for summary judgment on August 27, and a hearing on the motion was set for
October 1. No date had been set for a trial on the merits. On September 22 and 23, the State
filed its second supplemental response, for the first time designating Hinton as a testifying expert. 
Also on September 23, the State filed its response to the motion for summary judgment.

 The summary judgment evidence provided by the Robertses consisted of the
affidavit of an expert witness, David Bolton, concerning the market value of the property. In
response, the State presented Seidman's affidavit, which questioned the methodology of Bolton's
appraisal, and Hinton's affidavit, which provided a separate opinion as to the market value of the
property. The trial court, however, refused to consider the State's summary judgment evidence
concluding that because the State did not designate the experts whose affidavits they relied upon
to create a fact issue thirty days before the summary judgment hearing, those experts' affidavits
could not be considered. The trial court ruled, therefore, that no material fact issue remained for
the jury to determine, and granted the Robertses' motion for summary judgment based on the
value provided in the Bolton affidavit.

 On appeal, we must determine if the summary judgment proof establishes as a
matter of law that there is no genuine issue of material fact as to one or more of the essential
elements of the State's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828
(Tex. 1970). The issue presented in this case is whether the trial court improperly excluded
summary judgment evidence that the Robertses concede would raise a fact issue.



DISCUSSION


 In the first point of error, the State contends that because a genuine issue of
material fact existed regarding the value of the condemned property, the trial court erred in
granting the Robertses' motion for summary judgment. The State argues the trial court erred in
refusing to consider the Hinton and Seidman affidavits based on the State's incomplete discovery
responses before the summary judgment hearing. We agree. The trial court excluded the
evidence on the ground that the affidavits would be inadmissible at a trial on the merits if one
were held on that day because the experts, who had not been designated at least thirty days earlier,
would not be allowed to testify absent showing good cause. See Tex. R. Civ. P. 166b(6)(b);
215(5) (failure to supplement discovery response to designate expert witness results in exclusion
of expert's testimony absent showing of good cause); Alvarado v. Farah Mfg. Co., 830 S.W.2d
911, 914 (Tex. 1992). (1) Therefore, the trial court concluded that the affidavits provided by these
experts could not be considered at the summary judgment hearing. See Tex. R. Civ. P. 166a(f);
Town N. Nat'l Bank v. Broaddus, 569 S.W.2d 489, 494 (Tex. 1978) (affidavits must set forth
facts that would be admissible at trial).

 No date for trial had been set at the time of the summary judgment hearing;
however, the Robertses argue that the discovery rule excluding the testimony of witnesses may
be applied to summary judgment proceedings. They contend, therefore, that a party's failure to
provide an expert witness' identity and opinions at least thirty days before a summary judgment
proceeding could result in the exclusion of that expert's testimony from the summary judgment
proceeding. According to the Robertses, the "trial" contemplated by rule 166b(6)(b) may be a
summary judgment hearing as well as a trial on the merits.

 Discovery rules and sanctions for failure to designate expert witnesses do not apply
to summary judgment proceedings. Rather, summary judgment proceedings are controlled by the
comprehensive scheme provided in rule 166a. See Gandara v. Novasad, 752 S.W.2d 740, 742-43
(Tex. App.--Corpus Christi 1988, no writ). According to rule 166a(c), affidavits must be filed
twenty-one days before the hearing, or within seven days on leave of the court, to be considered
for summary judgment purposes. The rule does not mandate that a party be previously informed
of the type or source of the evidence that the opposition will rely on at the summary judgment
hearing. (2) 

 Furthermore, the Robertses' interpretation does not comport with the purposes
underlying summary judgment proceedings. A summary judgment is designed to eliminate
patently unmeritorious claims or untenable defenses, not to deprive litigants of their right to a full
hearing on the merits of any existing fact issue. City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 n.5 (Tex. 1979). Summary judgment is rarely viewed as appropriate when the
issue is inherently one for the jury or judge to decide in cases such as this involving unliquidated
damages. Moeller v. Fort Worth Capital Corp., 610 S.W.2d 857, 862 (Tex. Civ. App.--Fort
Worth 1981, writ ref'd n.r.e.).

 The trial court apparently granted an adverse summary judgment as a discovery
sanction for the State's delinquent designation of its testifying expert witnesses and its failure to
produce their appraisal reports. However, rule 215 governs sanctions available for abuse of
discovery. If the State failed to comply with the Robertses' proper discovery request, or if the
trial court found that the State abused the discovery process by resisting discovery, the trial court
could have imposed sanctions in accordance with rule 215(2)(b). See Tex. R. Civ. P. 215(2);
215(3).

 This Court sympathizes with the Robertses' frustration in attempting to prepare for
trial without adequate information regarding the State's appraisal of the property, especially
considering that the State originally initiated condemnation proceedings ten months earlier. 
However, the Robertses' complaints regarding the State's discovery responses should have been
addressed in a motion to compel discovery responses or a motion for discovery sanctions. See
Tex. R. Civ. P. 215(1). The trial court erred in refusing to consider the Hinton and Seidman
affidavits at the summary judgment hearing. These affidavits created a fact issue regarding the
value of the condemned property; therefore it was improper for the trial court to grant the
Robertses' motion for summary judgment. We sustain the first point of error, and consequently
do not address the remaining two.





CONCLUSION


 Because the trial court erroneously excluded summary judgment evidence raising
a fact issue, we reverse the trial court's summary judgment and remand the cause for a trial on
the merits.



 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reversed and Remanded

Filed: August 17, 1994

Publish
1. Although the Robertses appear to believe that a party may always wait until thirty
days before trial to designate expert witnesses, we note that the rules require designation
of expert witnesses not previously disclosed in response to an appropriate inquiry "as soon
as practical, but in no event less than thirty days prior to the beginning of the trial, except on
leave of the court." Tex. R. Civ. P. 166b(6)(b) (emphasis added).
2. [2]  The Robertses' interpretation also ignores the provision in rule 166a(c) that gives the
nonmovant at least twenty-one days' notice of a summary judgment hearing after a motion is
filed. The Robertses' argument would require that a nonmovant's experts be designated at
least thirty days before a hearing for which the nonmovant may only receive twenty-one days'
notice.