In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00188-CV


____________________



CHRISONDATH BADALL, Appellant



V.



RUKMIN DURGAPERSAD, SUSAN DURGAPERSAD, 


RESHMA DURGAPERSAD, AND REKHA DURGAPERSAD, Appellees






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CV70552






 MEMORANDUM OPINION


 Chrisondath Badall appeals from a summary judgment granted to the claimants in a
wrongful death case. Badall contends that his prior conviction for murdering the decedent
does not collaterally estop him from obtaining a proportionate-responsibility finding as to the
decedent's alleged fault and that the existence of material fact issues precludes the trial
court's damages award. Because there are fact issues to be resolved with respect to the
amount of damages suffered by the plaintiffs, we reverse and remand.



Background


 This civil case arises from a murder case in which a jury convicted Badall for
murdering Ramdath Durgapersad, the late husband of appellee Rukmin Durgapersad and the
late father of Susan Durgapersad, Reshma Durgapersad, and Rekha Durgapersad, the
remaining appellees. See Badall v. State, 216 S.W.3d 865, 866 (Tex. App.-Beaumont 2007,
pet. ref'd). The jury assessed Badall's punishment at fifty-five years of confinement in the
Texas Department of Criminal Justice, Institutional Division. Id. The presiding judge in the
murder case also was the judge who granted summary judgment to appellees.

 In 2006, appellees filed suit against Badall for wrongful death under Chapter 71 of
the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§
71.001-71.051 (Vernon 2008). Subsequently, appellees filed their motion for summary
judgment and claimed primarily that the doctrine of collateral estoppel prevents Badall from
re-litigating issues decided in the criminal case. In response to appellees' motion for
summary judgment, Badall contended that: 1) his conviction does not preclude the
possibility that the decedent attempted to shoot Badall, 2) appellees' damage claims are fact
issues that cannot be decided by summary judgment, and 3) the appellees' affidavits
contained conclusory statements. (1) The trial court granted the appellees' motion for summary
judgment and awarded damages without specifying the allocation of the damages between
the individual appellees. 

 In his sole appellate issue, Badall contends that the trial court erred by granting
summary judgment. 

Standard of Review


 Appellees brought a traditional summary judgment motion under Rule 166a(c). See
Tex. R. Civ. P. 166a(c). A summary judgment under this section "is appropriate when there
is no genuine issue as to any material fact and judgment should be granted in favor of the
movant as a matter of law." Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 846
(Tex. 2005). When a plaintiff moves for summary judgment, it must prove every element
of its cause of action as a matter of law, including damages. MMP, Ltd. v. Jones, 710 S.W.2d
59, 60 (Tex. 1986); Newsom v. State, 922 S.W.2d 274, 281 (Tex. App.-Austin 1996, no
writ).

Damages


 We first consider Badall's arguments on damages. He contends that the summary
judgment proof does not support the award of damages and that certain types of damages are
fact issues for the factfinder. We agree. 

 Included with appellees' motion for summary judgment was an affidavit from each
appellee. The affidavit of decedent's wife, Rukmin Durgapersad, states in pertinent part:

 2. The Defendant, Chrisondath Badall killed my husband and took
away the love of my life. My children, who are my three
daughters and are named as Plaintiffs in this suit, Susan,
Reshma and Rekha, had their father taken away from them by
the criminal act of Chrisondath Badall. As a result of Badall
killing my husband I had to make arrangements for my
husband's funeral. I have lost the love and affection of my
husband. The pain, anguish, depression, loss of sleep, and
hurting heart I have endured as a result of Badall's criminal acts
goes without saying. 


 3. I, with the other Plaintiffs in the case, seek the following
damages from Defendant:


 A. Past medical bills and funeral expenses in the amount of
$35,000.00;

 B. Past and future loss of earning capacity and/or other pecuniary
losses in the amount of $500,000.00;

 C. Pain and suffering in the amount of $100,000.00;

 D. Mental anguish in the amount of $100,000.00;

 E. Loss of consortium in the amount of $200,000.00;

 F. Loss of inheritance in the amount of $100,000.00; 

 G. Punitive/exemplary damages in the amount of $4,000,000.00;
and

 H. Prejudgment and postjudgment interest calculated at the highest
rate allowed under law.


 The daughters' affidavits are virtually identical to their mother's. The amounts
requested by the daughters for damages are exactly the same as their mother's. Further, their
fact recitations vary from paragraph 2 of their mother's affidavit only to the extent necessary
to explain their father-daughter relationships with the decedent. The trial court awarded
damages of $1,200,000.00 generally to all appellees. The court did not determine the amount
awarded to each individual appellee or the amounts allocated to the specific types of damages
sought by the appellees.

 Badall asserts that the appellees' affidavits are defective because they are conclusory.
Conclusory statements, i.e., those that are unsupported by underlying facts, are not competent
summary judgment evidence. See LeBlanc v. Lamar State College, 232 S.W.3d 294, 301
(Tex. App.-Beaumont 2007, no pet.) (citing 1001 McKinney Ltd. v. Credit Suisse First
Boston Mortgage Capital, 192 S.W.3d 20, 27 (Tex. App.-Houston [14th Dist.] 2005, pet.
denied)). "Conclusory statements without factual support are not credible, and are not
susceptible to being readily controverted." Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex.
App.-Houston [1st Dist.] 1997, no writ); see Tex. R. Civ. P. 166a(c). 

 In their affidavits, appellees alleged the following categories of damages: 1) past
medical bills and funeral expenses, 2) past and future loss of earning capacity and/or other
pecuniary losses, 3) pain and suffering, 4) mental anguish, 5) loss of consortium, 6) loss of
inheritance, and 7) exemplary damages. The affidavits contain no facts to support the
damages the appellees request for medical bills, funeral expenses, loss of earning capacity,
and loss of inheritance, but the affidavits do contain certain statements related to the
appellees' other alleged injuries-pain, suffering, mental anguish, and loss of consortium. For
cases involving these types of injuries, however, summary judgment is not appropriate
because the resulting losses are subjective, unliquidated, and nonpecuniary. Rivera v. White,
234 S.W.3d 802, 805-06 ( Tex. App.-Texarkana 2007, no pet.); Newsom, 922 S.W.2d at 281.
 Decisions on unliquidated damages are "inherently one[s] for the jury or judge to decide.
. . ." State v. Roberts, 882 S.W.2d 512, 514 (Tex. App.-Austin 1994, no writ) (citing 
Moeller v. Fort Worth Capital Corp., 610 S.W.2d 857, 862 (Tex. Civ. App.-Fort Worth
1981, writ ref'd n.r.e.)).

 We find the trial court erred in granting summary judgment in this case and sustain
Badall's sole appellate issue. We need not consider Badall's other arguments because a
favorable finding on them would afford him no greater relief. 

 Because damages in this case are unliquidated and Badall contests liability, the
appropriate remedy is to remand the entire cause as to both liability and damages. See Tex.
R. App. P. 44.1(b); Royce Homes, L.P. v. Humphrey, 244 S.W.3d 570, 581 (Tex. App.-
Beaumont 2008, pet. denied). Therefore, the trial court's judgment is reversed and the cause
is remanded for further proceedings.

 REVERSED AND REMANDED.

 ______________________________

 HOLLIS HORTON

 Justice



Submitted on February 26, 2009

Opinion Delivered April 2, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Appellees argue that Badall waived his objection to their affidavits because he did
not obtain a ruling from the trial court. However, objections to conclusory affidavits are
objections of substance and may be considered for the first time on appeal. Thompson v.
Curtis, 127 S.W.3d 446, 450 (Tex. App.-Dallas 2004, no pet.).